UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| GAIL C. KYTTA, )<br>)<br>)<br>Plaintiff, )<br>)<br>)    3:14-cv-00138-RLY-WGH<br>vs. )<br>)<br>JUDGE ROBERT J. TORNATTA, )<br>and )<br>MAGISTRATE SHEILA M. )<br>CORCORAN, )<br>)<br>Defendants. | |

### ENTRY ON DEFENDANTS' MOTION TO DISMISS

Plaintiff, Gail C. Kytta, filed this *pro se* action against Judge Robert T. Tornatta and Magistrate Judge Sheila M. Corcoran, Defendants, pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. In November 2012, an action for immediate eviction was filed against Plaintiff in the Vanderburgh Superior Court, Small Claims Division. *See Regency Consolidated Residential LLC v. Gail*

1

*Kytta*, Cause No. 82D06-1211-SC-09874 ("*Kytta I*").[1] The judge in that case entered an Agreed Entry of Judgment and Writ of Possession, which reflects that Plaintiff was unlawfully holding possession of the apartment at issue. In October 2013, Plaintiff filed an action against that same apartment complex for unlawful eviction and breach of contract. *See Gail Kytta v. Brittany Oldham and Regency Properties*, Cause No. 82D06-1310-SC-10782 ("*Kytta II*"). Judge Corcoran ultimately dismissed the lawsuit with prejudice. In her Complaint before this court, Plaintiff avers that she is legally blind and this disability prevented her from fully participating in *Kytta II*. Plaintiff asks this court to vacate the state-court judgment pursuant to Federal Rule of Civil Procedure 60(b) so that she may file a new lawsuit against her former apartment complex in federal court under the Fair Credit Reporting Act, 15 U.S.C. § 1681. This matter comes before the court on Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules 12(b)(1) and 12(b)(6). For the reasons stated herein, the court **GRANTS** Defendants' motion.

---

[1] This court may properly take judicial notice of state-court dockets and opinions. *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006).

The court construes the Complaint as alleging two distinct claims. First, Plaintiff asserts that, due to her blindness, she was unable to read Defendants'/Counterclaimants' Memorandum ("Memorandum") when defense counsel presented it to her in open court in *Kytta II*. (*See* Filing No. 1-4, Defendants'/Counterclaimants' Memorandum). Plaintiff consequently asked Barbara Compall, a friend who had come to court with her, to read the document aloud. Despite being aware of Plaintiff's impaired vision, Judge Corcoran purportedly did not allow Ms. Compall to assist Plaintiff. Thus, Plaintiff was unaware of the contents of the Memorandum until sometime after the proceedings concluded. Second, Plaintiff alleges that she subsequently expressed concerns about how her case was handled to Judge Tornatta, but he did not acknowledge her disability.

Defendants advance several arguments in favor of dismissal, but this court need only reach the first theory offered: standing. Defendants contend that Plaintiff lacks standing to file this lawsuit, so her claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff offers no cogent argument in response. It is well established

that because "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies,'" a litigant "invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013). In order to satisfy Article III's standing requirement, a plaintiff is required to affirmatively show that "(1) it has suffered an actual or imminent concrete and particularized 'injury in fact'; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Cabral v. City of Evansville*, 759 F.3d 639, 641-42 (7th Cir. 2014) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

Assuming without deciding that Plaintiff can satisfy the second and third elements of Article III standing, she cannot satisfy the first. Importantly, "[a]bstract injury is not enough" to satisfy this first element. *L.A. v. Lyons*, 461 U.S. 95, 101 (1983). Rather, a plaintiff must demonstrate a "*direct injury* as the result of the challenged official conduct." *Id.* at 102 (emphasis added). In other words, an "injury in

fact" is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted).

In this case, Plaintiff has not shown that she has suffered an injury that is actual as opposed to conjectural. Plaintiff claims that she was injured by not being able to read the Memorandum, but has offered no explanation of *how* this injured her. The Memorandum was merely a one-page document containing a one-paragraph summary of the defendants' position. The defendants did not assert a counterclaim or advance a motion within the Memorandum. In all likelihood, the Memorandum was merely a written version of what defense counsel orally argued in open court. Plaintiff does not suggest otherwise. Nor does Plaintiff even attempt to argue that her case might have turned out differently if she had been able to read the Memorandum. She fails to show the court that her inability to read the document constitutes a real "injury in fact," as opposed to merely a hypothetical injury.

Plaintiff's second claim similarly fails to qualify as an "injury in fact" for Article III standing purposes. Plaintiff states that Judge Tornatta did not respond to her request that he acknowledge her disability, but this claim is not explained beyond that one sentence. The court assumes that Plaintiff means Judge Tornatta did not reply to Plaintiff's letter dated April 14, 2014. (*See* Filing No. 1-6, Letter to Judge Tornatta). Again, Plaintiff makes no attempt to show how this lack of response by Judge Tornatta constitutes a direct injury to her. Therefore, the court finds that neither of Plaintiff's claims satisfy the "injury in fact" standard. Whereas Plaintiff lacks Article III standing, dismissal is required. *Hollingsworth*, 133 S. Ct. at 2668.

Defendants assert that Plaintiff's claim should be dismissed with prejudice. "Generally, when a complaint is dismissed because it is not ripe (or because the plaintiffs lack standing, for that matter) it is dismissed without prejudice unless it appears beyond a doubt that there is no way the plaintiffs' grievance could ever mature into justiciable claims." *Harris v. Quinn*, 656 F.3d 692, 701 (7th Cir. 2011). The court finds that the rule provided in *Harris* has been satisfied in this case

6

because there is simply no chance that the particular claims advanced by Plaintiff in her Complaint could ever become justiciable.

For the foregoing reasons, the court **GRANTS** Defendants' Motion to Dismiss (Filing No. 17) for want of standing. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 17th day of September 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy by U.S. Postal Service to:  Gail C. Kytta
704 Kenmore Ct.
Evansville, IN 47714